# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

FILED
NOV 10 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.

DARREN ANTOINE POLLARD
a/k/a "Wimpy"
Defendant.

Case Number: 2:11CR00058-008

USM Number: 50610-083

Defendant's Attorney: John C. Gardner, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1 and 21 of the indictment.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 18 U.S.C. § 1962(c) | R.I.C.O | Felony | April 8, 2011 | 1 |
| T. 18 U.S.C. § 924(c)(1)(A) and 2 | Possession in Furtherance of a Violent Crime or Use or Carry a Firearm in Relation to a Crime of Violence | Felony | Summer 2006 | 21 |

On motion of the United States, the Court dismissed the remaining counts in the indictment.

As pronounced on November 9, 2011, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 9th day of November, 2011.

/s/
Raymond A. Jackson
United States District Judge

| | |
|---|---|
| Case Number: | 2:11CR00058-008 |
| Defendant's Name: | POLLARD, DARREN ANTOINE |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWO HUNDRED FIFTY-TWO (252) MONTHS.**

This term of imprisonment consists of a term of ONE HUNDRED SIXTY-EIGHT (168) MONTHS on Count 1 and a term of EIGHTY-FOUR (84) MONTHS on Count 21, **all to be served consecutively.** This sentence is to run consecutive to the 12 months imposed in the supervised release violation on Docket # 2:08cr57.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to_____

at_____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By

_____
DEPUTY UNITED STATES MARSHAL

Case Number: 2:11CR00058-008
Defendant's Name: POLLARD, DARREN ANTOINE

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS.**

This term consists of a term of FIVE (5) YEARS on Count 1 and a term of FIVE (5) YEARS on Count 21, **all to run concurrently.**

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Case Number: | 2:11CR00058-008 |
| Defendant's Name: | POLLARD, DARREN ANTOINE |

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as directed by the probation officer.

2) The defendant shall provide the probation officer access to any requested financial information.

3) The defendant shall pay for the support of his minor children in the amount ordered by any social service agency or court of competent jurisdiction. In the absence of any such order, payments are to be made on a schedule to be determined by the court at the inception of supervision, based on defendant's financial circumstances.

Case Number: 2:11CR00058-008
Defendant's Name: POLLARD, DARREN ANTOINE

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $450.00 |
| 21 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$200.00** | **$0.00** | **$450.00** |

## FINES

No fines have been imposed in this case.

## RESTITUTION

**SEE RESTITUTIONJUDGMENT ENTERED AND FILED ON NOVEMBER 9, 2011.**

The Court determined that the defendant does not have the ability to pay interest and it is ordered that:
 the interest requirement is waived for the restitution

Case Number:      2:11CR00058-008
Defendant's Name: POLLARD, DARREN ANTOINE

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment is due and payable immediately.

The restitution is due and payable immediately. Any balance remaining unpaid on the restitution at the inception of supervision, shall be paid by the defendant in installments of not less than $50.00 per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

The defendant is jointly and severally liable for restitution with the following co-defendants: Dearnta Lavon Thomas, Jerrell Ivey Woodley, Kiwanii Edward Mosley, Jamyia Rashad Brothers, Amaad Jamaal Brantley, Roderick Allen Cotton, Jr., Darius Demarco Prayer, Tyrone Williams, Jr., Draindell Domonta Bassett, and Marcellous Cornelius Small, all of docket no. 2:11cr00058.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division



FILED
IN OPEN COURT

NOV - 9 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 2:11CR058-08 |
| | ) |
| DARREN ANTOINE POLLARD, | ) |
| | ) |
| Defendant. | ) |

## RESTITUTION ORDER

1. The defendant is sentenced to pay restitution in the amount of **$450.00**.

2. The amount of restitution paid to a victim shall not exceed the victim's total loss from the offense(s) of conviction.

3. All payments shall be made to the Clerk of Court, United States District Court, 600 Granby Street, Norfolk, VA 23510-1811.

4. Shiela Gonzalez is the victim that suffered a financial loss in this case. Her address and total loss amount is listed in Attachment A to this Restitution Order.

5. Interest:

    __✓__ is waived.

    _____ accrues as provided in 18 U.S.C. § 3612(f).

6. Restitution is due and payable immediately, and, notwithstanding any other provision of this Restitution Order, the Government may enforce restitution at any time. The defendant shall make a bona fide effort to pay restitution in full as soon as practical.

7. If incarcerated, the Court encourages the defendant to participate in the Bureau of Prison's Inmate Financial Responsibility Program, to comply with the provisions of the financial plan, and to meet the defendant's financial obligation, pursuant to 28 C.F.R. § 545.10-11.

8. The defendant shall pay to the Clerk at least $ 50.00 per month or _____ percent of net income, whichever is greater, beginning

_beginning sixty days after supervision begins._

9. Within 30 days of (a) any change of name, residence, or mailing address; and (b) any material change in economic circumstances that affects the ability to pay restitution, the defendant shall notify the Clerk of Court and the United States Attorney's Office, Financial Litigation Unit, 8000 World Trade Center, Norfolk, VA 23510.

10. No delinquent or default penalties will be imposed except upon Order of the Court.

_____
Raymond A. Jackson
United States District Judge

Honorable Raymond A. Jackson
United States District Judge


ENTERED this 9th day of November, 2011.

at Norfolk, Virginia

2

| WE ASK FOR THIS: | SEEN AND AGREED: |
|---|---|
| Neil H. MacBride<br>United States Attorney | Darren Antoine Pollard<br>Defendant |

_/s/ William D. Muhr_
William D. Muhr
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Telephone - 757-441-6331
Facsimile - 757-441-6689
E-Mail - Bill.Muhr@usdoj.gov

_/s/ John C. Gardner_
John C. Gardner
Counsel for Defendant
Gardner & Mendoza PC
2106 Thoroughgood Road
Virginia Beach, Virginia 23455
Telephone - 757-464-9224
Facsimile - 757-464-9225
E-Mail - jcg@gmlaw.net

_/s/ Darren Pollard_
Darren Antoine Pollard

3