

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DARREN ANTOINE POLLARD,

    Petitioner,

CRIMINAL ACTION NO. 2:11-cr-58(8)

UNITED STATES OF AMERICA,

    Respondent.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Darren Antoine Pollard's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. ECF No. 804 ("Motion"). Petitioner filed a Supplemental Memorandum through counsel. ECF No. 819 ("Pet'r's Mem."). Petitioner seeks to challenge his conviction for possession of a firearm in furtherance of a violent crime, in violation of 18 U.S.C. § 924(c)(1)(A), in light of the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019) and *Borden v. United States*, 593 U.S. 420 (2021). Pet'r's Mem. at 1. The Government filed a Motion to Dismiss Petitioner's Motion as untimely. ECF No. 880 ("Resp. Opp."). Petitioner did not file a reply. The matter is now ripe for judicial determination. Having reviewed the Motion and relevant filings, the Court finds a hearing unnecessary to address Petitioner's Motion. *See* 28 U.S.C. § 2255(b) (A court shall grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."). For the reasons stated below, Petitioner's § 2255 Motion is **Dismissed**.

1

## I. FACTUAL AND PROCEDURAL HISTORY

On April 8, 2011, Petitioner was named in a fifty-eight count Indictment. ECF No. 3. Count One charged Petitioner with R.I.C.O., in violation of 18 U.S.C. § 1962(c). *Id.* Count Two charged Petitioner with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d). *Id.* Count Three charged Petitioner with Assault with a Dangerous Weapon in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(3). *Id.* Count Twenty charged Petitioner with Assault with a Dangerous Weapon in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(3). Count Twenty-one charged Petitioner with Possession of a Firearm in Furtherance of a Violent Crime, in violation of 18 U.S.C. § 924(c)(1)(A). *Id.* Count Fifty-eight charged Petitioner with Conspiracy to Distribute and Possession with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. *Id.*

On April 19, 2011, Attorney John Gardner appeared as counsel in this case for Petitioner. ECF No. 54. On July 28, 2011, Petitioner pled guilty to Counts One and Twenty-One pursuant to a written plea agreement. ECF Nos. 187, 188. On November 9, 2011, the Court sentenced Petitioner to one-hundred sixty-eight (168) months imprisonment on Count One to be served consecutively to a sentence of eighty-four (84) months imprisonment on Count Twenty-One. ECF Nos. 339, 344. Defendant did not appeal.

On June 26, 2023, Petitioner filed a motion to vacate his sentence pursuant to 18 U.S.C. § 2255 and a motion to appoint counsel. ECF Nos. 804, 805. The Court granted the Petitioner's motion to appoint counsel and ordered Petitioner to file a motion to vacate, set aside or correct sentence. ECF Nos. 806, 809. On August 4, 2023, Petitioner filed a supplement to his motion to vacate, on the grounds that his conviction pursuant to 18 U.S.C. § 924(c)(1) for the predicate

2

offenses of brandishing a firearm in violation of Virginia Code § 18.2-282, and using or displaying a firearm during the commission of a felony in violation of Virginia Code § 18.2-53.1, do not qualify as a crime of violence. ECF No. 819. On September 6, 2023, pursuant to a consent motion to stay proceedings, the Court held in abeyance the proceedings pending his codefendant's case on the same issue. ECF Nos. 828, 829. The Fourth Circuit affirmed Thomas's conviction on the same issue Defendant raises. *United States v. Thomas*, 87 F.4th 267 (4th Cir. 2023). On June 9, 2025, the Government filed its Response. ECF No. 880. Petitioner failed to reply.

## II.    LEGAL STANDARD

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). In a motion under § 2255 ("§ 2255 motion"), the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Pro se filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Petitioners have a one-year period of limitation to file a § 2255 motion. *See Whiteside v. United States*, 775 F.3d 180, 182-83 (4th Cir. 2014). The limitations period is measured from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

3

>Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). To determine whether Petitioner has timely filed his motion, the Court must measure one year from the most recent date provided by § 2255(f) subsections (1) through (4).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### III. DISCUSSION

Petitioner's § 2255 Motion is untimely and it is not saved by equitable tolling. First, Petitioner filed the Motion more than one year after the judgment of conviction became final.

§ 2255(f)(1). An unappealed federal criminal judgment becomes "final on the date upon which [Petitioner] decline[s] to pursue further direct appellate review." *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Here, the Court entered Judgment on November 9, 2011. *See* ECF No. 399. Petitioner had 14 days thereafter to file a direct appeal, but he did not, meaning his sentence became final on November 23, 2011. Petitioner filed the § 2255 Motion over one year later June 26, 2023.

Second, Petitioner filed the Motion over one year after the Supreme Court issued its decisions in *Davis* on June 24, 2019, and *Borden* on June 10, 2021. Although it is not clear whether *Davis* or *Borden* newly recognized a right that is retroactively applicable here, even if they did, Petitioner's Motion is still untimely, and he cannot avail himself of either decision to challenge his conviction. § 2255(f)(3).

Third, Petitioner does not allege any facts that would make his Motion timely under the remaining time frames under § 2255(f). Finally, Petitioner has not argued or shown that there are any extraordinary circumstances to equitably toll the statute of limitations. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting a time-barred petitioner may be entitled to equitable tolling only if he establishes "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time" (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion (ECF No. 804) is **DISMISSED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means Petitioner must demonstrate that "reasonable jurists could debate whether . . .

5

the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Because Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, a Certificate of Appealability is **DENIED**.

The Court **ADVISES** Petitioner that he may appeal this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, VA 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Court **DIRECTS** the Clerk to provide a copy of this Order to Petitioner and to the United States Attorney.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 15, 2025

Raymond A. Jackson
United States District Judge